UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORDON DENNIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-690** |
| **ESS SUPPORT SERVICES WORLDWIDE, ET AL** | **SECTION "E"(4)** *Flag Section "C"* |

### ORDER AND REASONS

Before the Court is defendants S.H.R.M. Catering Services, Inc. d/b/a Eurest Support Services' ("ESS") and Seadrill Americas, Inc.'s ("Seadrill") (collectively "defendants") "Motion to Strike Report and Testimony of David Cole."[1] Plaintiff Geordon Dennis opposes the motion.[2] For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

This case arises out of plaintiff's alleged injuries suffered while aboard the SEVAN LOUISIANA on or about September 21, 2014.[3] Plaintiff filed a seaman's complaint for damages on March 4, 2015.[4] On May 11, 2015, defendants each filed an answer.[5] Plaintiff's complaint does not specify the manner in which plaintiff was injured; however, it appears plaintiff alleges that he was injured by falling out of a top bunk bed aboard the SEVAN LOUISIANA.[6] During

---

[1] Rec. Doc. 22; *see also* Rec. Doc. 29. Defendants style their motion as one to strike; however, given that no evidence has yet been admitted into the record—and therefore there is not yet any evidence to strike—the motion is more appropriately classified and addressed as a pre-trial motion in limine to exclude from admission into evidence the report and any testimony of David Cole. Plaintiff's opposition does not challenge the form of defendants' motion and, in fact, addresses defendants' motion as one seeking "to exclude the expert report and testimony." *See* Rec. Doc. 25 at 1. While ultimately a harmless error by defendants, the Court urges the parties to ensure all future motions are proper both in substance and form.
[2] Rec. Doc. 25.
[3] Rec. Doc. 1 at 2. The name of the vessel was not listed in plaintiff's complaint; however, the parties apparently agree that plaintiff was injured aboard the SEVAN LOUISIANA. *See* Rec. Docs. 22-1 at 2 & Rec. Doc. 25 at 1.
[4] *Id.*
[5] *See* Rec. Docs. 5 & 7. The answer of defendant ESS noted that plaintiff had used an incorrect name for ESS in his original complaint. *See* Rec. Doc. 5. Plaintiff was granted leave to amend his petition on May 14, 2015, to reflect the correct name for ESS and ESS filed an answer on May 28, 2015. *See* Rec. Docs. 13 & 14.
[6] *See* Rec. Doc. 25 at 2; *see also* Rec. Doc. 22-1 at 2.

1

the course of this litigation, plaintiff hired David E. Cole ("Cole"), a purported marine safety expert "to provide expert testimony concerning all issues of negligence, liability, dangerous acts, actions below the standard of care in the industry and all issues of negligence or liability on the part of the defendants as well as any alleged comparative fault on the part of plaintiff."[7] Cole has prepared a report regarding the fitness of the SEVAN LOUISIANA.[8] The report is apparently based upon three deposition transcripts, an "ESS Incident Investigation Report," plaintiff's personnel file, color photographs, Seadrill purchase orders, job descriptions, as well as Internet research on the SEVAN LOUISIANA and supposedly pertinent regulations, codes, and policies.[9] Cole's report reaches the conclusion that the SEVAN LOUISIANA was "not fit for its intended use and purpose" by failing to have installed "bed rails to prevent occupants from falling out."[10]

## II. Analysis

The Federal Rules of Evidence permit an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue," so long as "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED.R.EVID. 702. Courts, as "gatekeepers," are tasked with making a preliminary assessment whether expert testimony is both reliable and relevant. See *Pipiton v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (5th Cir. 2002) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). A witness' proponent must prove by a preponderance

---

[7] *See* Rec. Doc. 21 at 3.
[8] *See* Rec. Doc. 22-2.
[9] *See id.* at 1–2.
[10] *See id.* at 3.

of the evidence that the expert's testimony satisfies Rule 702. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

While an expert witness is permitted to give his opinions on an "ultimate issue" of fact, assuming he is qualified to do so, he is not permitted to make credibility determinations or offer conclusions of law. FED.R.EVID. 704; *see also Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009) ("[A]n expert may never render conclusions of law . . . nor, may an expert go beyond the scope of his expertise in giving his opinion."); *Owen v. Kerr–McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("FED.R.EVID. 704 abolished the per se rule against testimony regarding ultimate issues of fact . . . . Rule 704, however, does not open the door to all opinions."). As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility, and should be left for the finder of fact. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

While not presented in clear order or necessarily labeled as such, defendants essentially put forward three arguments regarding Cole's report and testimony. First, that Cole's report and testimony are irrelevant, constituting "merely self-serving restatements of plaintiff's allegations and arguments masked as 'expert' opinion," which do not depend on "any specialized or technical knowledge" and "will not assist in understanding any evidence or determining a fact in issue."[11] Second, that Cole's report and testimony are unreliable, because "Cole lacks qualifications as a naval architect or engineer" and "should not be allowed to comment upon the design of a rig or its appurtenances."[12] Third, that Cole should not be allowed to testify regarding legal conclusions. Defendants expressly contend that Cole may not testify regarding defendants'

---

[11] Rec. Doc. 22-1 at 4–5.
[12] *Id.* at 5–6.

3

alleged failure to comply with regulations of the "Consumer Product Safety Commission."[13] The Court addresses each argument in turn.

*A. Relevance*

Defendants contend that this is an "uncomplicated case" in which a jury can make a liability decision based on witness testimony and exhibits and without the aid of expert testimony.[14] The Court cannot conclude at this time that no portion of Cole's opinion regarding the fitness of the SEVAN LOUISIANA would assist the jury in determining issues of fact in this case. *See id.* at *2. Certain aspects of Cole's report and testimony may be inadmissible on grounds other than *Daubert* relevance.[15] It does not follow, however, that the Court should exclude all of Cole's report and testimony as irrelevant, particularly to the extent Cole addresses "standard equipment on seamen's (and passenger) bunks" based on Cole's extensive history working within the "maritime safety specialty," as a commissioned Coast Guard officer.[16] The Court cannot reasonably conclude that standard features of marine vessel bunk beds will be within the common knowledge of jury, meaning Cole's expert testimony may assist the jury in understanding the evidence and determining the facts in issue. As such, the Court will not exclude Cole's report and testimony as irrelevant under Rule 702 and *Daubert*.

---

[13] *See id.* at 5–7. Defendants also make a cursory argument that Cole's report and testimony are inadmissible under Federal Rule of Evidence 403, because "Cole's proposed testimony presents a very real danger of confusing the issue, misleading the jury, and wasting time." *See id.* at 7. While brevity is typically a virtue, the Court will not address the merits of defendants' Rule 403 challenge, without a more detailed description of Rule 403's applicability to specific aspects of Cole's report and testimony.
[14] *See* Rec. Doc. 22-1 at 4.
[15] *See* Rec. Doc. 22-1 at 2 (defendants noting that they will file a pre-trial motion in limine seeking to strike any testimony regarding subsequent remedial measures aboard the SEVAN LOUISIANA, which Cole references in his report); *see also infra.* Section II.C (prohibiting legal conclusions made by Cole).
[16] *See* Rec. Doc. 22-2 at 2–3.

*B. Reliability*

Defendants next argue that Cole is not qualified to testify regarding the design of the SEVAN LOUISIANA or its appurtenances. The Court cannot accept defendants' apparent contention that only a "naval architect or engineer" could provide expert testimony regarding whether or not a bed rail is standard equipment for a seamen's bunk.[17] Cole spent twenty years as a commissioned officer in the United States Coast Guard, eighteen of which were spent working within the "marine safety specialty."[18] He has extensive experience investigating casualties aboard "all types of vessels since the 1960's, including drilling rigs, pertaining to living accommodations."[19] Without addressing the credibility of Cole's testimony, the Court can conclude that Cole has specialized experience, which may be applied to the facts of this case. Defendants raise a host of questions challenging Cole's credentials and background as they relate to this specific case.[20] These questions get to the bases and sources of Cole's opinion and affect the weight of the evidence, which is to be determined by the finder of fact. *See Primrose Operating Co.*, 382 F.3d at 562. As such, the Court will not exclude Cole's report and testimony as unreliable under Rule 702 and *Daubert*.

*C. Legal Conclusions*

Finally, defendants contend that Cole may not render any legal conclusion as part of his testimony. Specifically, defendants contend that Cole may not testify regarding the nature or applicability of the regulations of the Consumer Product Safety Commission.[21] Defendants point to the Court's decision in *Francois v. Diamond Offshore*, Civ. A. No. 11-2956, 2013 WL 654635

---

[17] *See* Rec. Doc. 22-1 at 5.
[18] *See* Rec. Doc. 22-2 at 2.
[19] *See id.*
[20] *See* Rec. Doc. 29 at 3.
[21] *See* Rec. Doc. 22-1 at 6 (citing 16 C.F.R. § 1213.1(a)).

5

at *2 (E.D.La. Feb. 21, 2013) (Morgan, J.). Cole's report states that "bunk beds are regulated by the Consumer Product Safety Commission at 16 CFR 1213."[22] Defendants are correct that this is an inadmissible legal conclusion. Furthermore, the Court reminds plaintiff that, to the extent Cole seeks to testify regarding other legal conclusions, such testimony is inadmissible. As in *Francois*, however, the Court is unable to determine what, if any, portions of Cole's testimony is inadmissible as a legal conclusion, "without a specific line of questioning or testimony before it." *See Francois*, 2013 WL 654635 at *2.

**III. Conclusion**

The Court will permit Cole to testify as to his expert opinion that the SEVAN LOUISIANA was not fit for its intended use and purpose; however, the Court will not permit Cole to render any legal conclusions. At trial, the Court will restrict Cole's testimony, as necessary, to ensure Cole only discusses his expert opinion that the SEVAN LOUISIANA was not fit for its intended use and purpose.

Accordingly,

**IT IS ORDERED** that defendants motion to strike is **GRANTED IN PART** in that the Court will not allow Cole to render the legal conclusion that "bunk beds are regulated by the Consumer Product Safety Commission at 16 CFR 1213" or any other legal conclusions, but **DENIED IN PART** in all other regards. Rec. Doc. 22.

**New Orleans, Louisiana, this 11th day of April, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[22] Rec. Doc. 22-2 at 3.