UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORDON DENNIS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 15-690** |
| **ESS SUPPORT SERVICES WORLDWIDE, ET AL**<br>    **Defendants** | **SECTION "E"(4)** |

## ORDER AND REASONS

Before the Court is the "Motion for Summary Judgment on Plaintiff's Maintenance and Cure Claims" filed by Defendant, S.H.R.M. Catering Services, Inc. d/b/a Eurest Support Services ("ESS").[1] ESS seeks summary judgment on Plaintiff's maintenance-and-cure claim under the Fifth Circuit's decision in *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547 (5th Cir. 1968), as well as a number of other asserted defenses.[2] Plaintiff timely opposed the motion and the Court later granted plaintiff leave to file a supplemental memorandum in opposition.[3] The Court also granted ESS leave to file a reply in support of its motion.[4]

In both of its filed oppositions, plaintiff requests additional time to obtain deposition testimony of plaintiff's currently treating physician, Dr. Bostick, as to whether plaintiff's current ankle injury is related to a previous ankle injury that ESS asserts plaintiff intentionally concealed.[5]

---

[1] R. Doc. 40.
[2] *See* R. Doc. 40-1.
[3] *See* R. Docs. 42 & 48.
[4] R. Docs. 50 & 51.
[5] *See* R. Docs. 42 at 3 & 48 at 2 (plaintiff's request for additional time for discovery); *see also* R. Doc. 40-1 at 13 (defendant's argument regarding intentional concealment).

1

In the present case, the deadline for discovery is September 13, 2016, and the deadline for pretrial motions is one week later.[6] Rule 56(d) permits a Court to order further discovery upon a showing by the nonmoving party that, "for specified reasons, it cannot present facts essential to justify its opposition."[7] The Fifth Circuit has stated that a district court has broad discretion over discovery matters; however, should liberally grant requests for additional discovery where the nonmovant has shown "(1) why additional discovery is necessary and (2) how the additional discovery will likely create a genuine issue of material fact."[8]

Plaintiff contends that a deposition of Dr. Bostick "is necessary to the issue of whether or not there is a causal link between the prior and current injury."[9] Plaintiff contends Dr. Bostick can compare pre- and post-incident radiographic images and give an opinion as to whether plaintiff's two ankle injuries are related.[10] Plaintiff represents that he is trying to schedule a deposition of Dr. Bostick.[11] ESS' reply does not address plaintiff's contentions regarding the need to depose Dr. Bostick.[12]

Given the liberal policy favoring discovery in instances such as this, the ample amount of time remaining before the passing of the discovery deadline, and plaintiff's specified argument as to the exact discovery needed for plaintiff to present its arguments against ESS' motion for summary judgment, the Court finds it appropriate to defer its

---

[6] R. Doc. 41.
[7] FED. R. CIV. P. 56(d).
[8] *Danos v. Union Carbide Corp.*, 541 Fed. Appx. 464, 467 (5th Cir. 2013) (citing *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999)) (internal quotation omitted).
[9] R. Doc. 42 at 3.
[10] *Id.* at 6.
[11] *Id.* at 3.
[12] R. Doc. 51.

consideration of ESS' motion. However, the Court will not permit plaintiff to delay in scheduling the deposition of Dr. Bostick.

Accordingly,

**IT IS ORDERED** that ESS' motion for summary judgment is **DENIED WITHOUT PREJUDICE**. The Clerk of Court may mark R. Doc. 40 as no longer pending;

**IT IS FURTHER ORDERED** that counsel for the parties work in good faith to schedule a deposition of Dr. Bostick, to take place no later than **Wednesday, June 1, 2016**. The deadline for plaintiff to depose Dr. Bostick will not be extended, except for good cause shown. As soon as the deposition of Dr. Bostick has been taken and before the deadline for pretrial motions has passed, ESS may re-urge its motion for summary judgment by filing a supplemental memorandum in support of its motion (R. Doc. 40). Upon the filing of such a supplemental memorandum by ESS, the Clerk of Court shall mark R. Doc. 40 as awaiting disposition. Plaintiff shall have ten calendar days to reply to such a supplemental memorandum by ESS, at which point the re-urged motion for summary judgment will go under submission on the briefs and without oral argument.

**New Orleans, Louisiana, this 28th day of April, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**